IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS GRIFFIN,

        Petitioner,

        v.                              CASE NO. 24-3005-JWL

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because Petitioner failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis, the Court issued a Notice of Deficiency (Doc. 2) granting Petitioner until February 9, 2024, in which to cure the deficiency.  The Court is unable to conduct an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the reasons that follow, the Court directs Petitioner to file an amended petition clarifying his grounds for relief.

Petitioner submitted his Petition on a form for filing a petition under 28 U.S.C. § 2241. (Doc. 1.)  Although he is in custody at the Osage County Jail in Lyndon, Kansas, he names the United States of America as the respondent.   "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citations omitted); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

1

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence.  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  However, it is unclear what Petitioner is challenging or what relief he is seeking. The Petition states that he is a pretrial detainee and is challenging disciplinary proceedings and a parole violation.  (Doc. 1, at 1–2.)  He lists the date of the decision he is challenging as December 26, 2023, and marks "no" on the section of the form asking if he appealed the decision. *Id*. at 2.  Petitioner states "N/A" as his grounds for relief and states "get before judge" as his request for relief.  *Id*. at 2–7.

Habeas Rule 2(c) requires a more detailed statement for habeas petitions than Rule 8 of the Federal Rules of Civil Procedure requires for civil proceedings.  *Mayle v. Felix*, 545 U.S. 644, 649 (2005).   Habeas Rule 2 provides that the petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or a person
> authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to § 2241 by Rule 1(b)).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"  *Mayle*, 545 U.S. at 656 (citing § 2243).  "Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition

without ordering a responsive pleading."  *Id*.  "If the court orders the State to file an answer, that pleading must 'address the allegations in the petition.'"  *Id*. (citing Rule 5(b)).

Petitioner fails to state grounds for relief and fails to comply with the specificity requirements of Habeas Rule 2(c).  Petitioner has also failed to name a proper respondent.  The Court will grant Petitioner an opportunity to submit a proper amended petition.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **February 9, 2024,** in which to file an amended petition that cures the deficiencies set forth in this Memorandum and Order.  Failure to submit an amended petition that cures the deficiencies by the deadline may result in dismissal of the petition without further notice.

The Clerk is directed to provide Petitioner with forms and instructions for filing a petition under § 2241.

**IT IS SO ORDERED**.

**Dated January 11, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**