**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NICHOLAS GRIFFIN,**

          **Petitioner,**

        **v.**                      **CASE NO. 24-3005-JWL**

**UNITED STATES OF AMERICA,**

          **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. On January 11, 2024, the Court entered a Memorandum and Order (Doc. 4) ("M&O") directing Petitioner to file an amended petition clarifying his grounds for relief.  The Court granted Petitioner until February 9, 2024, in which to file an amended petition that cures the deficiencies set forth in the M&O and provided that "[f]ailure to submit an amended petition that cures the deficiencies by the deadline may result in dismissal of the petition without further notice."  (Doc. 4, at  3.) Petitioner has failed to file an amended petition by the Court's deadline.

The Court noted in the M&O that  although he is in custody at the Osage County Jail in Lyndon, Kansas, he names the United States of America as the respondent.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citations omitted); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence.  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  The Court found in the M&O that it is unclear what Petitioner is challenging or what relief he is seeking.  The petition failed to comply with Habeas Rule 2(c), which requires a more detailed statement for habeas petitions than Rule 8 of the Federal Rules of Civil Procedure requires for civil proceedings.  *Mayle v. Felix*, 545 U.S. 644, 649 (2005).  The Court found in the M&O that Petitioner fails to state grounds for relief and fails to comply with the specificity requirements of Habeas Rule 2(c).  Petitioner has also failed to name a proper respondent.

The Court granted Petitioner an opportunity to submit a proper amended petition.  He has failed to comply by the Court's deadline.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed.**

**IT IS SO ORDERED**.

**Dated February 16, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**